UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WENDY PUTNAM, trustee for the next of kin of PATRICIA PUTNAM, deceased

vs.

SAMUEL WEINBERG; FUTURE CARE CONSULTANTS, LLC; RED WING HEALTH CENTER, LLC; and RWHC HOLDINGS 100, LLC, aka RWHC HOLDINGS, LLC and RED WING HEALTH CENTER HOLDINGS, LLC; collectively all owners and operators of BAY VIEW NURSING AND REHABILITATION CENTER, a Minnesota skilled nursing facility.

Defendants.

Case No. 0:25−cv−04580−ECT−DTS

**JOINT RULE 26(f) REPORT AND PROPOSED SCHEDULING ORDER**

Plaintiff Wendy Putnam and Defendants Samuel Weinberg, Red Wing Health Center, LLC, and RWHC Holdings, LLC, by and through their undersigned counsel, jointly submit the following Rule 26(f) Report and Proposed Scheduling Order. The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on August 26, 2026 and prepared the following report. The initial pretrial conference required under Fed. R. Civ. P. 16 and D. Minn. LR 16.2 is scheduled for September 8, 2026, at 9:00 a.m. Central Time, before United States Magistrate Judge David T. Schultz, in Courtroom 9W of the U.S. Courthouse, Minneapolis, Minnesota. The parties do not request that the pretrial conference be held by telephone; the conference will be held in person as scheduled by the Court.

**(a) Description of the Case.**

(1) Concise factual summary of Plaintiff's claims: Plaintiff Wendy Putnam, as trustee for the next of kin of Patricia Putnam, deceased, alleges that Patricia Putnam died on December 31, 2023 as a result of hypoxia she suffered when Bay View Nursing and Rehabilitation Center ("Bay View"), a Minnesota skilled nursing facility, failed to provide her with needed supplemental oxygen. Plaintiff alleges that Bay View lacked adequate operating resources because Defendant Samuel Weinberg, together with Defendant Future Care Consultants, LLC and the Red Wing entity Defendants, diverted Bay View's operating funds and resources, and that the corporate Defendants operated as Weinberg's alter egos such that no corporate veil shields him from individual liability. Plaintiff asserts claims for wrongful death and civil conspiracy.

(2) Concise factual summary of Defendants' claims/defenses: Defendants Samuel Weinberg, Red Wing Health Center, LLC, and RWHC Holdings, LLC deny each of Plaintiff's allegations and deny any liability for the death of Patricia Putnam. Plaintiff's theory improperly seeks to hold Mr. Weinberg personally liable for the alleged conduct of separate corporate entities and third parties over whom he had no control or right of control. Mr. Weinberg is a New York resident who lacks the minimum contacts with Minnesota necessary to subject him to personal jurisdiction in this forum in his individual capacity. Defendants further contend that the Second Amended Complaint fails to state a claim upon which relief may be granted; that Plaintiff has failed to join necessary and indispensable parties responsible for any alleged harm; and that any injuries Plaintiff claims were caused not by Defendants but by the acts and omissions of third parties — including other defendants and non-parties — and by Patricia Putnam's pre-existing medical conditions and natural causes. Defendants deny Plaintiff's claims for damages and assert that Plaintiff's claims are further barred, in whole or in part, by the applicable statutes of limitation and repose and by the doctrines of waiver, estoppel, and laches.

(3) Statement of jurisdiction: Plaintiff alleges this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of Minnesota, Defendants Weinberg and Future Care Consultants, LLC are citizens of New York, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendants do not contest subject-matter jurisdiction but dispute personal jurisdiction, contending that the Court lacks personal jurisdiction over Mr. Weinberg in his individual capacity because he lacks the minimum contacts with Minnesota necessary to subject him to suit in this forum, and that venue is improper and/or inconvenient.

(4) Summary of factual stipulations or agreements: None at this time.

(5) Jury trial: A jury trial has been timely demanded by both Plaintiff (Complaint, ECF No. 1) and Answering Defendants (Answer, ECF No. 40) under Fed. R. Civ. P. 38(b).

(6) Expedited trial procedure: The parties do not presently agree to proceed under the Rules of Procedure for Expedited Trials of the District of Minnesota.

**(b) Pleadings.**

Plaintiff's operative Second Amended Complaint (ECF No. 8) has been served on Defendants Samuel Weinberg, Red Wing Health Center, LLC, RWHC Holdings 100, LLC (a/k/a RWHC Holdings, LLC), Red Wing Health Center Holdings, LLC and Future Care Consultants, LLC. Defendants Weinberg, Red Wing Health Center, LLC, and RWHC Holdings, LLC have answered (ECF No. 40). The Clerk's Entry of Default (EFC No. 34) remains in place as to Future Care Consultants, LLC but was set aside by stipulation (ECF Nos. 36, 39) as to all other Defendants.

**(c) Fact Discovery.**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **September 22, 2026**.

*(2)* The parties do not presently anticipate the need for physical or mental examinations under Fed. R. Civ. P. 35.

(3) The parties must commence fact discovery procedures in time to be completed by **May 28, 2027**.

(4) The parties propose that the Court limit the use and number of discovery procedures as follows (subject to the parties' agreement or further order): (A) 25 interrogatories per side; (B) 50 document requests per side; (C) 10 fact-witness depositions per side; (D) 25 requests for admission per side; (E) Rule 35 examinations as agreed or ordered; and (F) no other limitations proposed at this time.

**(d) Expert Discovery.**

(1) The parties anticipate that they will require expert witnesses at trial. (A) Plaintiff anticipates calling experts in the fields of nursing home/skilled nursing standard of care, medical causation, and forensic accounting or corporate finance (relevant to Plaintiff's alter ego allegations); the exact number is not yet determined. (B) Defendant(s) anticipate calling experts in the fields of: nursing home/skilled nursing standard of care, medical causation, and forensic accounting or corporate finance; the exact number has not been determined.

(2) Initial experts: (i) the identity of any expert who may testify at trial on an issue for which a party bears the burden of persuasion must be disclosed on or before **June 15, 2027**; (ii) the initial expert's written report under Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **June 30, 2027**.

Rebuttal experts: (i) the identity of any rebuttal expert must be disclosed on or before **July 31, 2027**; (ii) any rebuttal expert's written report under Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **August 15, 2027**.

(3) All expert discovery, including depositions of disclosed experts, must be completed on or before **August 31, 2027**.

**(e) Other Discovery Issues.**

(1) Protective Order: Given the medical records and financial/corporate records likely to be at issue, the parties anticipate the need for a protective order and propose to meet and confer on a joint stipulated protective order (including HIPAA-qualified provisions for Patricia Putnam's medical records) for submission to the Court.

(2) Electronically Stored Information*:* The parties have not yet discussed a proposed ESI protocol and propose to confer on the format(s) for production (e.g., searchable PDF/native format) before the Rule 26(f) conference is complete.

(3) Informal Discovery Dispute Conferences: The parties propose that no discovery motion may be filed unless the parties have first conferred in good faith and, if unable to resolve the dispute, requested an informal conference with the Magistrate Judge. Any motion filed under Fed. R. Civ. P. 36(a)(6) or 37 must include:

- a certification that the movant conferred or attempted in good faith to confer with the non-moving party;
- a specification of the disclosure or discovery in dispute;
- the actual text of the interrogatory, request, question, or notice at issue, together with the answer, response, or objection given;
- a concise statement of why the response is insufficient, evasive, incomplete, or otherwise improper;
- for ESI spoliation disputes, a showing that the information should have been preserved, was lost through a failure to take reasonable steps, and can't be restored or replaced through further discovery; and
- the specific remedy sought, with argument for why it's authorized and justified.

**(f) Proposed Motion Schedule.**

(1) Motions seeking to join other parties must be filed and served by **November 2, 2026**.

(2) Motions seeking to amend the pleadings must be filed and served by **November 2, 2026**.

(3) All other non-dispositive motions must be filed and served by **July 15, 2027**.

(4) All dispositive motions must be filed and served by **September 30, 2027**.

**(g) Trial-Ready Date.**

(1) The parties propose that the case be ready for trial on or after **January 31, 2028**.

(2) The parties propose that the final pretrial conference be held on or before **January 3, 2028**.

**(h) Insurance Carriers/Indemnitors.**

Defendants disclose the following: Defendant Red Wing Health Center, LLC is presently unable to locate information relating to any policy of insurance in effect on December 31, 2023. Defendants Samuel Weinberg and RWHC Holdings, LLC have no policy of insurance to disclose.

**(i) Settlement.**

(1) The parties will discuss settlement before the initial pretrial conference, with Plaintiff making a written demand for settlement and each Defendant making a written response/offer to Plaintiff's demand.

(2) The parties propose that a settlement conference be scheduled to take place before **August 20, 2027**.

(3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following: Plaintiff is agreeable to participating in alternative dispute resolution proceedings. Defendants are agreeable to participating in alternative dispute resolution proceedings.

**(j) Trial by Magistrate Judge.**

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

Jointly submitted this 1st day of September, 2026.

*/s/ Jerome M. Reinan II*

Jerome M. Reinan (#024322X)
Jordana Gingrass (#0504949)
LAW OFFICES OF J.M. REINAN, P.C.
1437 High Street
Denver, Colorado 80218
(303) 894-0383
jreinan@reinanlaw.com
jgingrass@reinanlaw.com
*Attorneys for Plaintiff Wendy Putnam*

*<u>/s/ Andrew D. Parker</u>*
Andrew D. Parker (#0195042)
Benjamin J. Mueller (#0505154)
PARKER DANIELS KIBORT LLC
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
(612) 355-4100
parker@parkerdk.com
mueller@parkerdk.com
*Attorneys for Defendants Samuel Weinberg, Red Wing Health Center, LLC, and RWHC Holdings, LLC*